IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2120-FL

| | |
|---|---|
| JEFFREY EDUARDO SALINAS-ALEMAN, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| WARDEN FCI BUTNER LOW, | ) ) |
| Respondent. | ) |

ORDER

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

**COURT'S DISCUSSION**

Petitioner challenges respondent's alleged refusal to apply time credits he earned pursuant to the First Step Act to accelerate his release from custody. Petitioner requests an expedited decision and that the court find he is not required to exhaust administrative remedies.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require inmates challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). Failure to exhaust "may only be excused upon a showing of cause and prejudice." McClung, 90 F. App'x and 445. Establishing cause for

procedural default typically requires a showing that "some objective factor external to the [petitioner] prevented [him] from raising the claim [in administrative proceedings]." Murray v. Carrier, 477 U.S. 478, 492 (1986); United States v. McKinney, 60 F.4th 188, 193 (4th Cir. 2023).

Contrary to petitioner's argument, he has not established the Federal Bureau of Prisons ("FBOP") would not consider his claim for application of time credits under the First Step Act, or that the administrative remedy program is otherwise unavailable to him.[1] Petitioner relies on Gallegos-Hernandez v. United States, 688 F.3d 190 (5th Cir. 2012), to argue that exhaustion would be futile. In Gallegos-Hernandez, the United States Court of Appeals for the Fifth Circuit[2] held that a federal inmate may be excused from exhausting administrative remedies if the claim is "wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." 688 F.3d at 194. And the Gallegos-Hernandez petitioner's constitutional challenge to an FBOP regulation met this standard where he raised a "constitutional claim that [the] agency would clearly reject." Id. By contrast, the Fifth Circuit explained that a claim that the FBOP "erred in its applicable of the regulation" must be exhausted. Id.

Unlike the situation in Gallegos-Hernandez, petitioner is challenging the FBOP's denial of time credits based on his status as a deportable alien, and there is no indication that the FBOP's decision is not subject to challenge through the administrative review process. Petitioner, for example, does not point to a specific statute or regulation that requires the FBOP to deny

---

[1] In addition, the fact that petitioner believes he is entitled to immediate release does not excuse failure to exhaust. See Timms, 627 F.3d at 530–31 (requiring civil detainee to exhaust administrative remedies even though he argued his civil commitment was unlawful and sought immediate release).

[2] Gallegos-Hernandez is not binding in this circuit. Nevertheless, the court does not address the persuasive value of the case where even assuming it constitutes binding precedent it would not excuse petitioner's failure to exhaust.

2

application of time credits to all aliens. The pertinent statutory provision, 18 U.S.C. § 3632(d)(4)(E), provides that an inmate "is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." But petitioner argues the plain language of the statute allows for application of time credits to aliens (such as petitioner) who are not subject to a final order. (See Pet. (DE 1)). Moreover, the implementing regulations governing application of First Step Act time credits do not address the status of deportable aliens. See 28 C.F.R. §§ 523.40–.44. And to the extent petitioner is challenging an informal FBOP policy to deny application of time credits to all deportable aliens regardless of whether a final order of removal has been issued, petitioner does not explain why he cannot challenge such policy through the administrative remedy program. See 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Petitioner therefore has not established cause to excuse his failure to exhaust, and the petition must be denied without prejudice to refile after exhaustion of administrative remedies.

## CONCLUSION

Based on the foregoing, the petition is DISMISSED without prejudice. A certificate of appealability is DENIED and the clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of June, 2023.

LOUISE W. FLANAGAN
United States District Judge